FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

TALITHA MITCHNER,

    Plaintiff,

v.                                  CASE NO.: 3:12-cv-00698-HES-TEM

PROFESSIONAL MANAGEMENT
SERVICES, Inc.

    Defendant.
_____/

## ORDER

This cause is before this Court on Defendant's Motion to Dismiss, construed by the Court as a motion for summary judgment (Dkts. 10, 15), and on Plaintiff's own "Motion for Dismissal without Prejudice" (Dkt. 18). Plaintiff filed an Amended Complaint (Dkt. 9) on August 20, 2012. Defendant subsequently filed a Motion to Dismiss on August 31, 2012. (Dkt. 10). Plaintiff did not respond to the Motion. Upon careful consideration of the Motion, the Court converted it to a motion for summary judgment because the Motion relied on a matter outside the pleadings. (Dkt. 15, filed Oct. 10, 2012). Plaintiff was given ten days to respond and again failed to do so within the time allotted. Instead, Plaintiff moved to dismiss this action without prejudice on October 31, 2012. (Dkt. 18).

## I. Background

According to the Amended Complaint, Plaintiff incurred a debt to Concord Village Condominium Association, Inc. (Association), for "personal, family, or household services." (Dkt. 9 at ¶ 6). Defendant sent a single collection letter to Plaintiff on February 1, 2012, which stated in part that "[i]f you do not pay your rent to the Association, you will be evicted from the premises. Rent is due the 1st of each month, otherwise eviction process commences on the 2nd." (Dkt. 1, Exhibit A at

p. 1). Plaintiff alleged that because she was the homesteaded occupant of record on the property, Defendant was on notice that she was not subject to eviction. (Dkt. 9 at ¶ 9). Plaintiff alleged that Defendant's letter thus violated the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692 *et seq.*, and the Florida Consumer Collection Practices Act (FCCPA), Fla. Stat. §§ 559.55 *et seq.* The Court has jurisdiction over the FDCPA claim under 28 U.S.C. § 1331, and supplemental jurisdiction over the FCCPA claim under 28 U.S.C. § 1367.

In Count I of the Amended Complaint, Plaintiff alleged that Defendant violated the FCCPA. (Dkt. 9 at ¶¶ 21–25). Plaintiff alleged that the language used in the letter sent by Defendant constitutes harassing or abusive unlawful action by Defendant and the assertion of the existence of a legal right that Defendant knew it did not have, in violation of Fla. Stat. §§ 559.72(7) and (9). According to Plaintiff's Amended Complaint, while knowing Plaintiff was a homesteaded occupant rather than a tenant of the property, Defendant threatened to assert a legal right to evict Plaintiff — a right that it did not actually possess. (Dkt. 9 at ¶¶ 7–9). In Count II, Plaintiff alleged that the statements contained in Defendant's letter violate the FDCPA, specifically 15 U.S.C. §§ 1692d–1692f, by, among other things, harassing, oppressing, or abusing Plaintiff; making false, deceptive, or misleading representations regarding the debt; threatening to take legal action Defendant could not legally take; and using unfair or unconscionable means to collect the debt. (Dkt. 9 at ¶¶ 35–39).

Defendant asks this Court to grant summary judgment in its favor on both Counts of the Amended Complaint under Rule 56 of the Federal Rules of Civil Procedure. Defendant argues that it is not a debt collector under either the FDCPA or under the mirror language in the FCCPA, but instead operates out of a fiduciary duty to the Association and thus had an obligation to collect the debt Plaintiff owed, and for that reason alone, this Court should grant summary judgment in its favor as to

both counts. (Dkt. 10 at pp. 3-6).

## II. Standard of Review

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (internal citations omitted in original). Once the movant has met his burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions of file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324 (internal citations omitted in original).

This Court recognizes that it may not decide a genuine factual dispute at the summary judgment stage. *Fernandez v. Bankers Nat'l Life Ins. Co.*, 906 F.2d 559, 564 (11th Cir. 1990). A dispute about a material fact is genuine, and summary judgment is inappropriate, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-51 (1986). Of course, a court must view all evidence most favorably toward the nonmoving party and draw all justifiable inferences in the nonmoving party's favor. *Whatley v. CNA Ins. Cos.*, 189 F.3d 1310, 1313 (11th Cir. 1999). If the court finds, under the relevant standards, that reasonable jurors could find a verdict for the nonmoving party since a disputed factual issue exists, judgment should be denied; however, there must be a conflict in substantial evidence to pose a jury question. *Walker v. Nationsbank of Fla. N.A.*, 53 F.3d 1548, 1555 (11th Cir. 1995) (citing *Verbraeken*

*v. Westinghouse Electric Corp.*, 881 F.2d 1041, 1045 (11th Cir. 1989)).

**III. Analysis**

**A. Count II: Claim Under FDCPA 15 U.S.C. §§ 1692d–1692f**

In Count II, Plaintiff alleges that Defendant violated several sections of the FDCPA, specifically 15 U.S.C. §§ 1692d–1692f. (Dkt. 9 at ¶ 38). Defendant has moved for summary judgment on this Count, arguing that the FDCPA does not apply to it because it falls into one of the categories excluded as a debt collector under the FDCPA. (Dkt. 10 at pp. 3–6).

The purpose of the FDCPA is to create a uniform system that discourages and prevents abusive or harassing debt collection practices. 15 U.S.C. § 1692. To prevail on a claim under the FDCPA, a plaintiff must show that "(1) she was the object of collection activity arising from consumer debt; (2) [the defendant is a] debt collector[] as defined by the FDCPA; and (3) [the defendant has] have engaged in an act or omission prohibited by the FDCPA." *McCorriston v. L.W.T., Inc.*, 536 F. Supp. 2d 1268, 1273 (M.D. Fla. 2008) (citing *Fuller v. Becker & Poliakoff, P.A.*, 192 F. Supp. 2d 1361, 1366 (M.D. Fla. 2002).

Under 15 U.S.C. § 1692a(6), a "debt collector" is defined as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." However, 15 U.S.C. § 1692a(6)(F) specifically *excludes* as a debt collector:

> [A]ny person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity (i) is incidental to a bona fide fiduciary obligation or a bona fide escrow arrangement; (ii) concerns a debt which was originated by such person; (iii) concerns a debt which was not in default at the time it was obtained by such person; or (iv)

> concerns a debt obtained by such person as a secured party in a commercial credit transaction involving the creditor.

Plaintiff alleges that Defendant qualifies as a debt collector under the FDCPA and that "Defendant is not the home owner's [sic] association but is a third party hired to collect the home owner's [sic] association's debts." (Dkt. 9 at ¶ 5). Plaintiff alleges no facts tending to show that Defendant does not fall into any of the exceptions enumerated in 15 U.S.C. § 1692(a)(6)(F). Additionally, Defendant has attached the management agreement between it and the Association to the Motion for the Court's consideration. (Dkt. 10, Exhibit A). Upon careful examination of the document, the Court agrees with Defendant's assertion that pursuant to this agreement, Defendant is under a bona fide fiduciary obligation to collect any rent or payments owed to the Association, including Plaintiff's debt. Defendant entered into the management agreement in 1995, well before the debt was incurred and the letter was sent. (Dkt. 10, Exhibit A at p. 6). Article I, Subsection 4(a) of the agreement states:

> The Association hereby authorizes Manager [Defendant] to establish bank accounts in the name of the Association. The Association also authorizes Manager to request, demand, collect, receive and receipt for any and all assessments or charges which may be due from owners of the units of the Association, and, to take such legal action deemed necessary to enforce any and all rights the Association may have against any member of the Association who is delinquent provided, however, that any cost or expense incurred by Manager shall be reimbursed by the Association. Any legal action for such collection shall comply with the Association's Articles of Incorporation, Bylaws, Declarations of Covenants, Restrictions and Conditions, and will only be initiated at the Board of Director's request or to protect the best interest of the Association.

(Dkt. 10, Exhibit A at p. 3). The money due by Plaintiff (or her tenant, to whom the letter was


addressed)[1] was payable to Defendant not as a debt collector, but as the manager of the property for the Association. Because Defendant acted under a fiduciary obligation, it is not a debt collector under any portion of the FDCPA, and summary judgment in favor of Defendant on Count II should be granted on that basis alone.[2]

**Count I: Claim Under FCCPA, Fla. Stat. §§559.55–559.785**

Defendant also seeks summary judgment as to Count I, arguing that the Amended Complaint fails to assert any facts to establish that Defendant knew its actions would abuse or harass Plaintiff, or that it intended to do so. Defendant further argues that it is not a debt collector under Fla. Stat. § 559.55(6)(f). Plaintiff alleges the same underlying conduct as the basis for Count I as for Count II, arguing that Defendant knew or should have known it could not legally perform the actions stated in the letter, and that such threat constituted abusive or harassing conduct. (Dkt. 9).

It is important to note that Plaintiff has invoked this Court's supplemental jurisdiction over her

---

[1] The Court would note that the single letter submitted by Plaintiff in this case was addressed to the "Tenant of [Plaintiff] (owner)," clearly not to Plaintiff herself. (Dkt. 1, Exhibit A). Further, the letter spoke in terms of the landlord-tenant relationship, and not the relationship between the homeowner (Plaintiff) and the Association. The letter also emphasizes the fact that it is directed only toward the *tenant* at Plaintiff's address. (Dkt. 1, Exhibit A).

[2] The Court would note that even ignoring the fact that the FDCPA does not apply to Defendant because it is excluded as a debt collector, the Court questions whether a single collection letter can amount to a violation of the FDCPA. Recently, the Middle District decided a § 1692d claim that was based on a single collection letter, much like the case before this Court. *Elmore v. Ne. Fla. Credit Bureau, Inc.*, No. 3:10-cv-573-J-37-JBT, 2011 WL 4480419, at *3 (M.D. Fla. Sept. 27, 2011). The plaintiff in *Elmore*, represented by the attorney who represents Plaintiff in this case, argued that the defendant sent a single collection letter to the plaintiff that threatened legal action that could not be taken, in violation of § 1692d, including a personal asset search resulting from the plaintiff's failure to pay a hospital bill. *Id.* at *1. The court found that "[a]t issue in this case is a single letter, and that single letter does not rise to a degree of harassing, oppressing, or abusing nature envisioned by Congress" in § 1692d. *Id.* at *4. Looking to *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168 (11th Cir. 1985), the court found that the conduct in *Elmore* was "wholly different" from the examples of conduct provided in the statute, and thus it did not violate § 1692d. *Id.* at *5.

Just as this Court recently held in granting the defendants' motion to dismiss in *Kirby v. Prof'l. Ass'n. Mgmt., Inc.* (case no. 3:12-cv-00697-J-20MCR), a case in which the plaintiff was represented by the attorney who represents Plaintiff in this case, "a single collection letter, which may contain deceptive language, does not rise to the level of harassment and abuse that Congress envisioned and intended to prohibit within § 1692d."

state law claims pursuant to 28 U.S.C. § 1367. Under this provision, a district court may decline to exercise its supplemental jurisdiction over a plaintiff's closely related state law claim if:

> (1) the claim raises a novel or complex issue of State law,
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> (3) *the district court has dismissed all claims over which it had original jurisdiction*, or
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c) (emphasis added). As this Court has granted summary judgment in favor of Defendant on the FDCPA claim, the only claim over which this Court had original jurisdiction, the continued exercise of supplemental jurisdiction in this case is within this Court's discretion. Upon due consideration, this Court declines to exercise supplemental jurisdiction over Plaintiff's remaining FCCPA claim.

Accordingly, it is **ORDERED**:

1. Defendant's Motion to Dismiss (Dkt. 10) as converted to a Motion for Summary Judgment (Dkt. 15) is **GRANTED** in part as to Count II;

2. The Clerk is directed to enter judgment in favor of **DEFENDANT** on Count II;

3. Count I is **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction;

4. Plaintiff's Motion for Dismissal without Prejudice (Dkt. 18) is **DENIED AS MOOT**; and

5. The Clerk is directed to **TERMINATE** all pending motions and **CLOSE** this file.

**DONE AND ENTERED** at Jacksonville, Florida, this ____ day of November, 2012.

HARVEY E. SCHLESINGER
UNITED STATES DISTRICT JUDGE

Copies to:
Leonard T. Hackett, Esq.
Lori C. Scott, Esq.
Jennifer L. McCarthy, Esq.
Max Story, Esq.